UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15CR-00114-CRS-DW-2

**REGINALD D. BROWN**                                         **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                **RESPONDENT/PLAINTIFF**

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION

This matter comes before the Court upon the motion of Defendant Reginald D. Brown ("Brown") seeking revocation of his detention order. (DN 56). The District Judge referred this matter to the undersigned United States Magistrate Judge for a hearing and, if necessary, a disposition. (DN 57). For the following reasons, the Court recommends Brown's motion for revocation of detention be **denied**.

### I. Findings of Fact

Reginald D. Brown was indicted for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (DN 1, at pp. 1-2). At Brown's detention hearing, the undersigned Magistrate Judge ordered he be detained pending trial based on Brown being a danger to the community through his extensive criminal history and ongoing pattern of violent offenses. (DN 16).

On August 8, 2016, Brown pled guilty to the charged offense. (DN 46). During the change of plea hearing, Brown's counsel inquired as to whether he could be released pending

sentencing. (Id. at p. 2). The District Judge found the Court did not have sufficient information to rule on his request and advised counsel to file a motion for release. (Id.). Brown filed said motion, requesting release from custody for a short period of time because his mother recently passed away, which left his mentally handicapped sister without direct permanent supervision. (DN 56). The United States opposed this motion. (DN 59).

This Court held a hearing on the matter on September 27, 2016. (DN 62). Brown called his Aunt, Shaquita Vickers, to testify regarding his sister's disability. Because more information was needed regarding the circumstances of Brown's sister in order for the Court to rule on his motion, the hearing was continued. In the meantime, Brown filed a memorandum supporting his motion for release. (DN 67). The hearing reconvened on October 27, 2016. Brown called another Aunt, Sharon Brown, to testify. Sharon Brown explained that she is currently the caretaker for Brown's handicapped sister, Patricia, and that she believes it would be beneficial for Brown to be released to be with and care for Patricia. To conclude the hearing, both Brown and the United States orally argued their positions regarding Brown's release.

II. Conclusions of Law

Brown argues for temporary release from custody based on 18 U.S.C. § 3145(c), which deals with "[a]ppeal from a release or detention order." (DN 67, at p. 1). The United States counters that § 3145(c) is irrelevant in Brown's case because he cannot meet the threshold conditions of release set forth in § 3143(a)(1). (DN 59).

1. 18 U.S.C. § 3143(a)

The standard for release or detention pending sentence is set forth at 18 U.S.C. § 3143(a). In pertinent part, § 3143(a) provides:

2

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 944 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143.

Here, Brown pled guilty to the charge of "felon in possession" under 18 U.S.C. § 922(g)(1) and 924(a)(2). This charge does not fall within the ambit of §3142(f)(1). *See* United States v. Ingle, 454 F.3d 1082, 1086 (10th Cir. 2006) (holding § 922(g)(1) offense is not "crime of violence" under the Bail Reform Act). For that reason, Brown is eligible for release pending sentencing if a judicial officer concludes there is clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). Brown bears the high burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Fed.R.Crim.P. 46(c); United States v. Smith, 34 F. Supp. 3d 541, 544 (W.D. Penn. 2014).

Brown believes he meets the requirements of § 3143(a)(1). Although he recognizes his long record of prior convictions, Brown argues that his detention hearing was a full year ago and while in custody for the past year he has maintained good behavior and had no write ups of significance. Brown emphasizes that his motivations are different now that he is older and he is only asking for a short period of time to take care of matters involving his handicapped sister.

The United States contends Brown unquestionably poses a danger to others or the community based on his extensive criminal history of drug and gun felonies. The United States also points to three current unresolved indictments against Brown in state court that have led to bench warrants, meaning that Brown would immediately be taken into state custody upon a temporary release by this Court. Further, the United States notes many instances where Brown failed to comply and at least one instance of failure to appear, which adds to concern that Brown would flee upon release.

This Court agrees with the United States. Brown cannot escape his extensive violent criminal record, which spans sixteen years and started when he was 14-years-old. He has prior felony convictions for possession of controlled substances, assault of a police or probation officer, tampering with physical evidence, wanton endangerment, and fleeing or evading police in the first degree. He also has prior misdemeanor convictions for resisting arrest, carrying a concealed deadly weapon, assault, and possession and trafficking of controlled substances. (DN 1, at p. 2). As noted by the United States, Brown's record demonstrates a failure to appear in 2014 and frequent probation violations. Unfortunately for Brown, his argument that he is a changed man from his year spent in federal custody on good behavior is not clear and convincing evidence that could overcome his extensive violent criminal record. Because Brown has not

4

proven by clear and convincing evidence that he is not likely to flee or pose a danger to others or the community, he cannot meet the requirements of § 3143(a)(1), and his motion for release should be denied.

### 2. 18 U.S.C. § 3145(c)

As mentioned above, Brown primarily argues for his release under § 3145(c). This statute discusses "[a]ppeal from a release or detention order" and specifies that

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly show that there are *exceptional reasons why such person's detention would not be appropriate.*

18 U.S.C. § 3143(c) (emphasis added).[1] Brown urges that the death of his mother, which left his handicapped sister without direct permanent supervision, constitutes exceptional circumstances for release.

Brown's "exceptional circumstances" argument cannot succeed for two reasons. First, Brown fails to establish the threshold requirement from §3143(a)(1) that he is neither likely to flee nor a danger to others or the community. Because he cannot meet that criteria, he cannot obtain release under § 3145(c). *See* United States v. Koon, 6 F.3d 561, 564 (9th Cir. 1993) (finding that eligibility for the "exceptional reasons" exception to mandatory detention, defendant must show by clear and convincing evidence that he does not pose a danger to society or a risk of flight).

Regardless, even if Brown had established the threshold requirement from § 3143(a)(1), he cannot establish "exceptional circumstances" as to why detention is inappropriate. Brown's

---

[1] The Court recognizes that a jurisdictional dispute exists as to whether district judges are precluded from making determinations on exceptional circumstances based on the statute's use of the word "appeal." However, this Court finds it unnecessary to address the jurisdictional issue here because, even if the Court were to apply §3145(c) in this case, Brown fails to establish any exceptional reason why he should be released pending sentencing.

exceptional circumstances argument relies solely on his handicapped sister, Patricia. Brown specifically claims he needs to get Patricia's living arrangement situated and settle life insurance policy issues resulting from his mother's death. At the continued hearing, however, Brown's Aunt, Sharon Brown, testified that she has been caring for Patricia since her mother's passing and throughout Brown's incarceration. Sharon Brown stated that she is willing and able to continue permanently caring for Patricia in order to fulfill her promise to her late sister. As for the insurance, Sharon Brown testified the policy at issue was insurance on Brown's life. To that end, the matter is strictly between Brown and the insurance company and does not involve or affect Patricia.

Based on this testimony, there is nothing extraordinary or rare about these circumstances that demands Brown's release. Both the Sixth Circuit and district courts within have found that family hardship based on a defendant's absence does not rise to exceptional circumstances. United States v. Cook, 42 F. App'x 803, 805 (6th Cir. 2002) (hardship to family is not an exceptional circumstance); United States v. Mellies, 496 F. Supp. 2d 930, 937 (M.D. Tenn. 2007) (providing assistance to family members who need assistance due to medical problems is not exceptional circumstance). As such, Brown cannot establish exceptional circumstances and his motion should be denied.

RECOMMENDATION

For the following reasons, the Court recommends that Brown's motion for release/revocation of detention order (DN 56) be **DENIED**.

NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Crim.P. 59(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:     Reginald D. Brown
            Counsel of Record